11-363-ag
Li v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges*.

─────────────────────────────────

**MIAO CHEN, AKA MAO CHEN V. HOLDER**          **11-58-ag**
**A077 293 499**

─────────────────────────────────

**JAN SHING LIN, AKA JIAN-XIN LIN,**
**LEE CHING CHEN, AKA LI-QIN CHEN**
**v. HOLDER,**                                          **11-226-ag**
**A070 115 803**
**A070 115 804**

─────────────────────────────────

**GUO MOU LI v. HOLDER,**                             **11-363-ag**
**A070 901 706**

─────────────────────────────────

**CHUNMEI CHEN v. HOLDER,**                                    **11-1230-ag**
**A096 266 559**

_____

**DI DI QIU v. HOLDER,**                                        **11-1358-ag**
**A073 604 510**

_____

**LU QIANG LIN v. HOLDER,**                                     **11-1449-ag**
**A073 189 038**

_____

**CAI YUN WU v. HOLDER,**                                       **11-1557-ag**
**A200 115 826**

_____

**LING LIU DONG, AKA LIN LU DONG v.**                           **11-2207-ag**
**HOLDER,**
**A078 299 082**

_____

**MIN TONG ZHENG v. HOLDER,**                                   **11-2251-ag**
**A078 227 081**

_____

**MING DUAN CHAN, AKA MING DUAN ZHAN,**                         **11-2506-ag**
**AKA MING DUAN ZHANG v. HOLDER,**
**A077 957 616**

_____

**CHI-HSUN CHEN, AKA QI XUN CHEN**                              **11-2558-ag**
**v. HOLDER,**
**A076 810 625**

_____

**YING XUE LIN v. HOLDER,**                                     **11-3063-ag**
**A077 281 071**

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby

ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA denying a motion to reopen. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claims that they fear persecution because they have had one or more children in the United States in violation of China's population control program. All of the petitioners argued that changed country conditions regarding the enforcement of China's population control population should excuse the untimely filing of their motions. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c).

For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the BIA's decisions. *See id.* at 158-72. Moreover, the BIA did not err in declining to credit the petitioners' individualized and unauthenticated evidence in light of the agency's underlying adverse credibility determinations. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

In *Miao Chen v. Holder*, No. 11-58-ag, the BIA did not err in finding that petitioner failed to demonstrate material changed country conditions regarding the treatment of Christians in China sufficient to excuse the untimely filing of his motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). In *Min Tong Zheng v. Holder*, No. 11-2251-ag, the BIA did not err in finding that petitioner's medical condition did not constitute a valid exception to the time limitation applicable to his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk